THE STATE v. ALWINE LUDWIG.

Argued February 18, 1913—Decided November 6, 1913.

It is harmful error to permit a physician, who is called as a witness by the state in an abortion case, to testify that the woman upon whom the criminal operation was alleged to have been performed. had told him that the defendant was the person who had performed it, such testimony being pure hearsay, and manifestly injurious to the defendant.

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the plaintiff in error, *Henry Carless.*

For the state, *Frederick R. Lehlbach,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted of the crime of abortion said to have been committed upon the body of one Elizabeth Goff. At the trial of the cause Dr. Clark, a police surgeon of the city of Newark, was called as a witness to testify on behalf of the state; and having stated in his testimony in chief that he had visited Mrs. Goff at the request of two detectives of the city, for the purpose of ascertaining her physical condition, and what he had discovered upon such examination, he was asked: "*Q.* In the course of your examination to ascertain her condition, and to determine what treatment was required, did you learn from the patient the history of the case, her feelings, and other circumstances relating to her condition; did she tell you anything that helped you in the course of your examination?" To this he answered: "She told me, gave me a history that simply confirmed my opinion, and confirmed my diagnosis." Whereupon the court said to the witness: "State what she said to you for the purpose of giving you information upon which you based your judgment about her treatment." To this the witness answered as follows: "The patient stated to me that she had been married in August, 1911, and became pregnant in about two and a half months; not sure as to the time; went to a midwife whose name is Alwine Ludwig; was aborted—I am using her language, of course— abortion was produced by the use of instruments in the hands of midwife December 30th, 1911. The uterus was emptied of its contents. Also stated to me that her back was turned at the time that the midwife went to the far part of her body; she did not see what was in her hand; she felt the introduction of some metal inside of her; did not see anything; her eyes were closed at the time." The court then said: "In so far as Mrs. Goff stated to the doctor that the defendant had committed an abortion, in those words, that is nothing but a conclusion, and must be stricken out. The details as given by her to the doctor may stand." Counsel for the defendant then objected as follows: "Does your honor permit that part to stand where the witness has said

anything except described her symptoms?" To which the. court replied: "I have been very clear about it. I have stated that. all stands excepting that portion where she said the defendant had committed an abortion on her. Where she said that the defendant used instruments, and ·she felt the instruments, that will stand."

The state, before calling Dr. Clark, had called Mrs. Goff as a witness to prove the crime charged against the defendant; but her testimony was very vague upon the question whether an abortion had or had not been performed. The statement of Dr. Clark that Mrs. Goff had told him that the *defendant* had used instruments on her, naturally had the effect of strengthening Mrs. Goff's testimony·on the witness-stand. Corroboration of this kind was condemned in .the case of *State* v. *Gedicke,* 14 *Vroom* 94 (an abortion case), and held to require a reversal of the conviction there. had. The court, commenting on this .kind of testimony, said: "The·purpose and effect of this testimony was to strengthen the evidence of the principal witness by her declarations to others of the guilty acts of the defendant. This is hearsay evidence in its most objectionable form. * * * It was corroborating the evidence of the principal witness on the part·of the state by her own declarations made to another in the absence of the defendant, on the main point in the case, where she was the only witness."

The fact that this testimony was brought out by a question put by the court. and not by the prosecutor of the pleas, is immaterial. The injury to the defendant results from its injection into the case against her protest, and such protest, we think, was made by her counsel when he asked the court if it intended to permit anything which the doctor had said to remain in the case except the patient's description of her symptoms; and we think it equally plain that the court understood that this question was intended to be, in its effect, an objection, by its response that "Where she (that is, Mrs. Goff). said the *defendant* used instruments, that will stand."

The case comes up under the one hundred and thirty-sixth section. of the Criminal Procedure act, and the fact that no

formal exception was taken to this ruling of the court does not prevent the defendant from taking advantage of the improper admission of this evidence.

The judgment under review will be reversed.